# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**ROBERT E. JACKSON**                                                                                   **PLAINTIFF**

**v.**                                            **No. 4:18-CV-00162-KGB-JTK**

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**performing the duties and functions**
**not reserved to the Commissioner of**
**Social Security**                                                                                     **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Robert Jackson applied for social security disability benefits with an alleged onset date of August 19, 1994. (R. at 37). At a hearing before the administrative law judge (ALJ), Jackson, through counsel, amended his alleged onset date to December 18, 2014. (R. at 25). The ALJ issued a fully favorable decision on Jackson's Title XVI claim and dismissed his Title II claim. (R. at 15, 20–21). The Appeals Council denied Jackson's request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Jackson has requested judicial review.

For the reasons stated below, the magistrate judge recommends affirming the Commissioner's decision.

## I.    The Commissioner's Decision

The ALJ found that Jackson had amended his onset date to December 18, 2014 and would not have been entitled to disability insurance benefits because he would not have had insured status on that date. (R. at 15). The ALJ therefore dismissed Jackson's Title II claim. (R. at 15). The ALJ found that Jackson had the severe impairments of glaucoma, cataract, asthma, polyarthritis, abdominal pain, chronic constipation, and small abdominal incisional hernia. (R. at 17). The ALJ found that Jackson had the residual functional capacity to lift and carry up to 50 pounds occasionally 25 pounds frequently; stand/walk a total of six hours during an eight-hour workday; sit a total of six hours in an eight-hour workday; push/pull 50 pounds occasionally and 25 pounds frequently; perform work that only requires monocular vision but should avoid work that requires depth perception and/or full peripheral vision; and avoid exposure to hazards such as moving mechanical parts of equipment, tools, or machinery, electrical shock, unprotected heights, and operating motor vehicles. (R. at 18). Jackson had no past relevant work. (R. at 20). The ALJ found that Jackson was an individual closely approaching retirement age on December 18, 2014, and that he had a limited education and was able to communicate in English. (R. at 20). The ALJ found that a finding of disabled was directed by Medical-Vocational Rule 203.02. (R. at 20). The ALJ therefore denied Jackson's Title II claim but granted benefits under Title 16. (R. at 20–21).

## II.    Discussion

Jackson only raises one point for review. He maintains that he was misled concerning the effect of amending his alleged onset date and that his claim for Title II Disability Insurance Benefits should be granted. The undersigned must disagree.

The Court is to affirm the ALJ's decision if it is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Even if it is possible to draw two inconsistent positions from the evidence, the Court must affirm if one of those positions represents the ALJ's findings. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

There is only one issue in this case: whether Jackson understood the consequences of amending his alleged onset date and whether he did so freely. The Commissioner cites to an exchange between Jackson, his attorney, and the ALJ, which reads as follows:

> ALJ: Okay, so let's talk about that. We have a date last insured for the Title II of December 31st, 1997.
>
> ATTY: Yes.
>
> ALJ: And so, you wish to amend the onset date to the application date of the Title XVI?
>
> ATTY: Correct.
>
> ALJ: And that would be December 18th, 2014. Have you explained this to Mr. Jackson?
>
> ATTY: Yes.
>
> ALJ: And Mr. Jackson, you're in agreement to amend your onset date to December 18th, 2014, the day

|       |                                                                                                                              |
|-------|------------------------------------------------------------------------------------------------------------------------------|
|       | you filed your application for Supplemental Security Income?                                                                 |
| CLMT: | Yes.                                                                                                                         |
| ALJ:  | All right, and by doing that you are waiving your request for a hearing on the Title II application and you're aware of that? |
| CLMT: | Yes.                                                                                                                         |

(R. at 25–26).

The above-quoted exchange reveals that Jackson asserted both that he understood what would happen if he amended his alleged onset date and that he did so willingly and intentionally. The undersigned would be hesitant to require the ALJ to do more than was done in this case to ensure that a claimant—especially one who was represented by counsel—understands the consequences of his actions when amending an onset date. As such, the undersigned can find no error in the ALJ's decision.

### III. Recommended Disposition

The ALJ properly relied on Jackson's assertion that he intended to amend his onset date and that he understood the consequences of doing so. The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the undersigned magistrate judge recommends AFFIRMING the decision of the Commissioner.

It is so ordered this 29th day of January, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE